**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **DANIEL ALEJANDRO CORRAL,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Cause No. EP-26-CV-2428-LS** |
| | § | |
| **CHARISMA EDGE, *Warden*, FCI La Tuna,** | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Daniel Alejandro Corral, Federal Prisoner Number 88356-511 proceeding *in forma pauperis*, challenges the execution of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] His petition is dismissed for the following reasons.

**BACKGROUND**

On June 4, 2025, Border Patrol agents encountered Corral at an immigration checkpoint on Interstate 25 north of Las Cruces, New Mexico.[2] Following a K9 alert, they discovered 4.66 kilograms of cocaine inside the black Chevrolet Suburban he was driving. They determined Corral had entered the United States at a port of entry in El Paso, Texas. They also learned that Corral had previously conspired with others to transport cocaine to cities in New Mexico and Texas.

On October 9, 2025, Corral pled guilty to conspiracy to possess with the intent to distribute more than five kilograms of cocaine.[3] On January 5, 2026, he was sentenced to 64 months' imprisonment followed by three years' supervised release.[4]

Corral is now a 55-year-old prisoner confined at the La Tuna Federal Correctional

---

[1] Pet'r's Pet., ECF No. 2.
[2] *United States v. Corral*, EP-25-cr-01560-LS (W.D. Tex.), Plea Agreement, ECF No. 25 at 3.
[3] *Id.*, J. Crim. Case, ECF No. 36.
[4] Petitioner falsely claimed he was sentenced to 22 months' imprisonment. Pet'r's Pet., ECF No. 2 at 1.

Institution in Anthony, Texas, which is within the jurisdiction of this Court.[5] His projected release date is May 5, 2031.

Corral claims in his petition that the Bureau of Prisons ("BOP") erred in calculating his First Step Act ("FSA") Earned Time Credits ("FTCs").[6] He explains that the "BOP's FSA Time Credit prerelease date is March 2028, when [his] calculations show[ ] a prerelease date of June 5, 2025."[7] He maintains that exhaustion of his administrative remedies is not required.[8] He asks the Court to grant his petition and order his immediate release.[9]

## STANDARD OF REVIEW

A prisoner's "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus."[10] A prisoner may attack "the manner in which his sentence is carried out or the prison authorities' determination of its duration" through a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[11] To prevail, a prisoner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."[12]

A court may apply the rules governing habeas petitions under 28 U.S.C. § 2254 to those filed under § 2241.[13] Under these rules, a court may conduct a preliminary review of a petition and summarily dismiss it if it "plainly appears from the petition and any attached exhibits that the

---

[5] *See* Federal Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 88356-511, last visited Sep. 26, 2026).
[6] Pet'r's Pet., ECF No. 2.
[7] *Id.* at 4.
[8] *Id.* at 9.
[9] *Id.* at 10.
[10] *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).
[11] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).
[12] 28 U.S.C. § 2241(c).
[13] Rules Governing § 2254 Cases, Rule 1(b), 28 U.S.C.A. foll. § 2254.

petitioner is not entitled to relief."[14]

Additionally, the *in forma pauperis* statute, codified at 28 U.S.C. § 1915, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"[15] Examples include "'claims describing fantastical or delusional scenarios.'"[16]

**ANALYSIS**

The FSA allows an eligible prisoner to earn FTCs toward time in prerelease custody or supervised release.[17] To determine eligibility, the FSA requires a prisoner to first undergo "a risk and needs assessment" to establish whether he has a "minimum, low, medium, or high risk for recidivism."[18] It gives qualifying prisoners the opportunity to earn ten days of FTCs for every 30 days of successful participation in evidence-based recidivism reduction ("EBRR") programs and productive activities ("PAs") for a prisoner consistent with his needs.[19] It allows qualifying offenders at a "minimum" or "low risk" of recidivating to earn an additional five days of FTCs if they do not increase their risk levels over two consecutive assessments.[20] It permits qualifying inmates to apply FTCs toward prerelease community-based placement in a residential reentry center or home confinement.[21] And, at the discretion of the Director, it permits qualifying

---

[14] *Id.*, Rule 4, 28 U.S.C.A. foll. § 2254.
[15] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).
[16] *Id.* (citing *Neitzke*, 490 U.S. at 328).
[17] 18 U.S.C. § 3632(d)(4)(A).
[18] *Id.* § 3632(a)(1).
[19] *Id.* § 3632(d)(4)(A)(i).
[20] *Id.* § 3632(d)(4)(A)(ii).
[21] 18 U.S.C. § 3624(g)(2); 28 C.F.R. § 523.44(b)–(c).

prisoners to apply FTCs toward their early release to supervision.[22]

Furthermore, "[a] prisoner may *not* earn time credits … for an evidence-based recidivism reduction program that the prisoner successfully completed … during official detention prior to the date that the prisoner's sentence commences under section 3585(a)."[23] And "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."[24]

Corral claims that the BOP erred in calculating his FTCs.[25] By his calculation, his prerelease date—or his placement date in a residential reentry center—should have been e June 5, 2025—or the day after he was arrested and seven months *before* he was sentenced.[26] This is error. Because he may not even begin to earn FTCs prior to the date that his sentence commences, his factual contention is clearly baseless.

The Cout accordingly finds that it plainly appears from an initial screening of Corral's petition that he is not entitled to the § 2241 relief he seeks.

**CONCLUSION**

The Court concludes, based on the facts presented by Corral in his petition, that Corral cannot meet his burden of showing he is in custody in violation of the Constitution or laws or treaties of the United States. The Court accordingly enters the following orders:

**IT IS ORDERED THAT** Petitioner Daniel Alejandro Corral's "Petition for Writ of

---

[22] 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d).
[23] 18 U.S.C. § 3632(d)(4)(B) (emphasis added).
[24] 18 U.S.C. § 3585(a).
[25] Pet'r's Pet., ECF No. 2.
[26] *Id.* at 4.

Habeas Corpus pursuant to 28 U.S.C. § 2241" (ECF No. 2) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED THAT** all pending motions are **DENIED**.

**IT IS FINALLY ORDERED THAT** the District Clerk shall **CLOSE** this case.

**IT IS SO ORDERED**.

**SIGNED** this 29th day of September 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**